# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SPENCER H. CALAHAN, LLC

VERSUS

CHARLES L. TRICHELL

---

In Re:   Charles L. Trichell, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 677015.

---

**BEFORE:   GUIDRY, McCLENDON, THERIOT, CHUTZ, AND LANIER, JJ.**

**WRIT GRANTED.** The district court's June 3, 2022 judgment denying the motion for summary judgment filed by plaintiff-in-reconvention, Charles L. Trichell, is reversed, and the portion of the district court's June 3, 2022 judgment disposing of all relief sought by the plaintiff-in-reconvention is vacated.

As to the portion of the judgment disposing of all relief sought by the plaintiff-in-reconvention, the defendant-in-reconvention, Spencer H. Calahan, LLC, filed no motion requesting such relief. Further, the Code of Civil Procedure does not authorize the district court to render a judgment on the merits in favor of a nonmoving party upon denial of the moving party's motion for summary judgment. See **Baack v. McIntosh**, 2019-657 (La. App. 3d Cir. 7/29/20), 304 So. 3d 881, 892.

Regarding the motion for summary judgment, La. R.S. 23:921 requires that "[e]very contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, … shall be null and void;" however, an "employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof[.]" Further, "to be valid, a non-solicitation agreement must also meet the requirements of LSA-R.S. 23:921." **Vartech Systems, Inc. v. Hayden**, 2005-2499 (La. App. 1st Cir. 12/20/06), 951 So.2d 247, 260. Additionally, non-competition agreements are generally strictly construed against the party seeking enforcement. See **SWAT 24 Shreveport Bossier, Inc. v. Bond**, 2000-1675 (La. 6/29/01), 808 So.2d 294. Thus, because the portion of the non-solicitation agreement as to customers, section 3(B), does not specify any geographical boundaries,

it does not meet the requirements of La. R.S. 23:921 and is unenforceable. Accordingly, the motion for summary judgment filed by the plaintiff-in-reconvention, Charles L. Trichell, is granted, and section 3(B) of the non-solicitation agreement is declared null and void.

**JMG**
**WRC**
**WIL**

**McClendon, J.,** concurs. I agree that the portion of the district court's judgment disposing of all relief sought by plaintiff-in-reconvention should be vacated and that the motion for summary judgment filed by the plaintiff-in-reconvention, Charles L. Trichell, should be granted as to the portion of the non-solicitation agreement regarding customers, declaring section 3(B) of the non-solicitation agreement null and void. However, I would further specify that the writ is denied as to all other relief. See **Neill Corporation v. Shutt,** 2020-0269 (La. App. 1st Cir. 1/25/21), 319 So.3d 872.

**Theriot, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_a.Snl_

_____
DEPUTY CLERK OF COURT
FOR THE COURT